MANN, Judge
(dissenting).
Hamilton is not in point. In that case, it was argued as fundamental error that the trial judge had failed to give an instruction not requested by the defendant. Here, prior to charging the jury, the trial judge asked defendant’s lawyer, “Do you wish a charge given on self-defense?” The lawyer said he did, and the judge replied, “All right. I wanted to give you an opportunity to request it.”
Jackson said he acted in self-defense because the woman he cut with a knife had first struck at him with the metal part of a shovel. As Judge Pierce said in Koontz v. State, Fla.App.2d 1967, 204 So.2d 224, “However disdainfully the trial Judge may have felt about the merits of such defense from a factual standpoint, however even we may feel about it, is beside the point. It was for the jury and the jury alone to pass upon it as a recognized defense to a criminal charge. And if there was ‘evidence introduced in support thereof, the defendant was entitled to have the jury instructed on the law applicable to his theory of defense’.” Id. at 227, citations omitted. If self-defense was appropriate to the case, the record shows a sufficient request. Defense counsel would, in fact, have been presumptuous in not treating the quoted colloquy as sufficient to preserve his rights on appeal. See F.A.R. 6.7, subd. g, 32 F.S.A.
The real question before us is whether an instruction on self-defense is warranted by the evidence in this case. There is sufficient evidence that the question came naturally to the trial judge’s mind, and the record adequately preserves the question for review. I would reverse.